**Spencer LUCAS, Appellant,**

v.

**BURLESON PUBLISHING COMPANY, INC., d/b/a Burleson Star, James Moody, Sally Ellertson, Shelley Grant, Appellees.**

**No. 10–00–166–CV.**

Court of Appeals of Texas, Waco.

Feb. 14, 2001.

William H. Ray, Law Office of William "Bill" H. Ray, P.C., Ft. Worth, for appellant.

D. Keith Harrison and Kristina Bline Dial, Harrison and Dial, P.C., Burleson, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION DISMISSING APPEAL

VANCE, Justice.

We dismiss this interlocutory appeal from a partial summary judgment for want of jurisdiction.

Spencer Lucas ("Lucas") sued Burleson Publishing Company, Inc. ("the newspaper"), which publishes the Burleson Star, its publisher James Moody and employee Sally Ellertson ("the employees"), and Shelley Grant ("Grant"), an opposing candidate in a municipal election in Burleson, for libel. The newspaper and its employees filed a motion for summary judgment, which the court granted. Lucas appealed.

The judgment Lucas appeals from, entitled "**ORDER GRANTING DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT,**" states:

> On March 7, 2000, the Court considered Defendants Burleson Publishing Company, Inc. d/b/a Burleson Star, James Moody and Sally Ellertson's Motion for Partial Summary Judgment. The Court ... finds there is no genuine issue of material fact as to the grounds presented in these Defendants Motion for Summary Judgment and Brief in Support Thereof. Defendants Burleson Publishing Company, Inc. d/b/a Burleson Star, James Moody, and Sally Ellertson are entitled to judgment, as to those claims, as a matter of law.
>
> **IT IS THEREFORE ADJUDGED** that Plaintiff's claims against Defendants Burleson Publishing Company, Inc. d/b/a Burleson Star, James Moody, and Sally Ellertson, are hereby DISMISSED with prejudice. Each side is responsible for its costs, and let all necessary writs be issued.
>
> All relief not expressly granted herein is **DENIED.**

It was signed on April 17, 2000. The record reflects no action by the trial court on Lucas' claims against Grant.

The landmark case on the necessity of a final judgment for appeal is *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966), where the Supreme Court, speaking through Chief Jus-

tice Calvert, uttered these now-familiar words:

> The finality of judgments for appealability has been a recurring and nagging problem throughout the judicial history of this State. We have steadfastly adhered through the years to the rule, with certain exceptions not applicable here, that an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties in a case.

*Id.* at 895.

In *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993). The Court recognized:

> In order to be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court. *Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 200 (1959). If the order does not dispose of all issues and all parties, it is interlocutory and therefore not appealable absent a severance. *Id.* at 201. No one disputes that granting a motion for summary judgment on causes of action not addressed in the motion is reversible error. *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979); Tex.R.Civ.P. 166a.

*Id.* at 591. However, the court decided that an otherwise interlocutory judgment should be "treated as final for purposes of appeal" if it included the statement that "all relief not expressly granted is denied," which had been suggested by Chief Justice Calvert for judgments after a *trial on the merits. Id.* at 592 (citing *Aldridge,* 400 S.W.2d at 898) (emphasis added).

The Court has consistently recognized that the finality of a judgment depends on the "intent" of the trial court in entering a judgment. *Id.* ("We ... emphasized that such language was helpful to make clear a trial court's intent to render a final judgment."); *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982) ("[C]areful drafting should be used to make the intent clear."); *Aldridge,* 400 S.W.2d at 898 ("[T]he Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.").

Although the Court has consistently said "a Mother Hubbard has 'no place' in a partial summary judgment and should not be used," *Mafrige,* 866 S.W.2d at 592, use of the clause in summary judgment proceedings continues, and its use continues to cause problems on appeal, among them being the review of judgments about which the lack of finality is beyond dispute and the piecemeal review that sometimes results.

We are confronted here with such a judgment. Although the judgment can be read (through the mother hubbard clause) to deny Lucas all relief against Grant, the record shows no motion for summary judgment by Grant, the judgment refers to itself as **"PARTIAL,"** and the judgment purports to grant relief only on the motion of the newspaper and its employees for a "partial" summary judgment. Thus, it does not dispose of all parties and issues in the case. Furthermore, Lucas' attorney told the court at the hearing: "There's one Defendant—I just want to make sure the Court is aware—there's one Defendant that's not included in this summary judgment which is not related to the paper, and I don't even think they're present here today." No severance is reflected by the record.

Some of our sister courts of appeals have commented on the notion that we should review a judgment that we can determine is not final. The Fifth Court, in *Lowe v. Teator,* said:

> An "appearance of finality" occurs when the language in the summary judgment order "clearly evidences" the trial court's intent to dispose of all the claims in the case before it. *See Mafrige,* 866 S.W.2d at 592. If the language in the order preceding the Mother Hub-

bard clause is broad and inclusive enough to encompass all issues and parties before the court, then the clause may be read to dispose of all claims in the case not otherwise specifically addressed in the order. If, however, the language preceding the Mother Hubbard clause is limited in its scope, such that it evidences the intent of the trial court not to dispose of all the claims in the case before it, a Mother Hubbard clause will not convert the otherwise interlocutory summary judgment order into a final judgment.

*Lowe v. Teator*, 1 S.W.3d 819, 823 (Tex. App.—Dallas 1999, no pet.). Other cases reaching the conclusion that mere inclusion of such a clause does not automatically render all judgments final for appellate purposes include:

- *Stettner Clinic v. Burns*, 2000 WL 1853383, at *1–2 (Tex.App.—Amarillo December 19, 2000, no pet. h.) (intent of the trial court as expressed in the order or judgment is determinative of finality; Mother Hubbard Clause is simply an indicia of that intent);

- *Hervey v. Flores*, 975 S.W.2d 21, 25 (Tex.App.—El Paso 1998, pet. denied) ("[I]t is what the order, taken as a whole, purports to do that is critical to the inquiry. The intent contained in the order, as manifested in its language, must embrace all claims and all parties. If an otherwise outstanding claim logically cannot be brought within the grasp of the Mother Hubbard clause, the order is interlocutory.");

- *Vanderwiele v. Llano Trucks, Inc.*, 885 S.W.2d 843, 844–45 (Tex.App.—Austin 1994, no writ) (holding that a summary judgment order granted in favor of one defendant and including a standard Mother Hubbard clause did not purport to dispose of the claims

against the other defendant and was thus interlocutory); and

- *Hinojosa v. Hinojosa*, 866 S.W.2d 67, 69–70 (Tex.App.—El Paso 1993, no writ) (holding that a summary judgment made no pretense at disposing of a counterclaim raised by a party who had not yet moved for summary judgment).

*See also Midkiff v. Hancock East Texas Sanitation, Inc.*, 996 S.W.2d 414, 416 (Tex. App.—Beaumont 1999, no pet.) (appeal abated and remanded for trial court to sever or otherwise dispose of all claims).

■ The Supreme Court has now overruled *Mafrige* to the extent that it held that the inclusion of the phrase "all relief not granted is denied" automatically makes a judgment final for purposes of appeal. *Lehmann v. Har Con Corp.*, 44 Tex. Sup.Ct. J. 364, 39 S.W.3d 191, 203 (2001). As the Court recognizes, inclusion of the phrase in an interlocutory order can be ambiguous. In a determination of "finality" of a judgment, the appellate court should look to the record in the case.[1] *Id.* at 205–06.

The judgment in this case is interlocutory; inclusion of the Mother Hubbard clause cannot make it final. It does not dispose of Lucas' claims against Grant; indeed, it was never intended to be final. Because we cannot review an interlocutory order unless authorized to do so by the legislature and because no provision of section 51.014 of the Civil Practice and Remedies Code allows us to review this order, we dismiss this appeal for want of jurisdiction. *See id.*

1. We could abate and request clarification, but here the order is clearly a partial summary judgment. Tex.R.App. P. 27.2; *Lehmann*

*v. Har Con Corp.*, 44 Tex. Sup.Ct. J. 364, 39 S.W.3d 191, 206 (2001).