Marilyn HEISTER, Appellant,

v.

WESTERN SHAMROCK CORP. d/b/a
Western Finance and Jimmy
Gameson, Appellees.

No. 10–00–278–CV.

Court of Appeals of Texas,
Waco.

June 20, 2001.

Jon R. Ker, Ker & Fisher, P.C., Hewitt, for appellant.

Jerry P. Campbell, Enid A. Wade, Naman, Howell, Smith & Lee, P.C., Waco, Robert Junell, Jackson Walker, L.L.P., San Angelo, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

Marilyn Heister sued Western Shamrock Corporation and Jimmy Gameson. Both defendants filed answers. Shamrock moved for summary judgment based on limitations and the workers compensation statute. Summary judgment was granted. A judgment was signed that is titled "Final Summary Judgment." The judgment contains the typical "mother hubbard" clause that all relief not expressly granted is denied. There was no severance of the claims against Shamrock from the claims against Gameson.

■ Neither the summary judgment motion filed by Shamrock nor the judgment expressly deal with Heister's claims against Gameson. Unless a judgment disposes of all issues against all parties it is interlocutory. *Lucas v. Burleson Publ. Co.*, 39 S.W.3d 693, 695 (Tex.App.—Waco 2001, no pet. h.). The Texas Supreme Court has recently held that a mother hubbard clause no longer makes a judgment final for appellate purposes. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203–204 (Tex.2001). Further, the inclusion of a mother hubbard clause in a judgment other than after a trial on the merits cannot be used as an indication that the trial court intended that the judgment was final as to all parties on all issues. *Id.*, 204

The Court held:

... we conclude that when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim, nor does an order adjudicating claims like the latter dispose of the plaintiff's claims. An order that disposes of claims by only one of multiple plaintiffs or against one of multiple defendants does not adjudicate claims by or against other parties. An order does not dispose of all claims and all parties merely because it is entitled "final", or because the word "final" appears elsewhere in the order, or even because. it awards costs. Nor does an order completely dispose of a case merely because it states that it is appealable, since even interlocutory orders may sometimes be appealable. Rather, there must be some other clear indication that the trial court

intended the order to completely dispose of the entire case. Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other parties; but language that "plaintiff take nothing by his claims against X" when there is more than one defendant or other parties in the case does not indicate finality.

To determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to the record in the case. Thus, in the example just given, if the record reveals that there is only one plaintiff and only one defendant, X, the order is final, but if the record reveals the existence of parties or claims not mentioned in the order, the order is not final. On the other hand, an order that expressly disposes of the entire case is not interlocutory merely because the record fails to show an adequate motion or other legal basis for the disposition. The record may help illumine whether an order is made final by its own language, so that an order that all parties appear to have treated as final may be final despite some vagueness in the order itself, while an order that some party should not reasonably have regarded as final may not be final despite language that might indicate otherwise.

*Id.*, 205–206.

Because the only possible indications in this judgment that it was intended to be final as to both defendants are the title of the judgment and one reference to multiple defendants—"Plaintiff Marilyn Heister, take and recover nothing from Defendants"—we cannot say with certainty that the judgment "clearly and unequivocally"

was intended to dispose of Heister's claims against Gameson.

Finding that the judgment does not dispose of all claims against all parties, we dismiss this case for want of jurisdiction. Costs are assessed against the party incurring same.