William Pena v. Bill Carl Himstedt, et al
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-388-CV

Â Â Â Â Â WILLIAM PENA, AS NEXT FRIEND
Â Â Â Â Â OF ABLE HERNANDEZ, JR.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â BILL CARL HIMSTEDT, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 278th District Court
Leon County, Texas
Trial Court # AP-00-272A
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Prison inmate William Pena, as next friend of fellow inmate Able Hernandez, Jr., filed a
personal injury lawsuit against Appellees. Pena filed a âMotion for Judgment Nihil Dicitâ
premised on Appellee Himstedtâs failure to answer the suit. The trial court signed an order
denying Penaâs motion as moot because âPena has no authority to proceed as next friend in this
action on behalf of Abel [sic] Hernandez.â Pena appealed.
Â Â Â Â Â Â Pena purports to act on Hernandezâs behalf because of a statutory durable power of attorney
Hernandez signed which authorizes Pena âto endorse my name and place his name or initials
thereon [sic] any and all legal documents or otherwise pertinent to my civil action [against
Appellees].â See Tex. Prob. Code Ann. Â§ 490 (Vernon Supp. 2002). Nevertheless, it appears
that Pena and Hernandez both signed the original petition and a jury demand both filed on July 26,
2000. Hernandez alone signed a pauperâs oath filed on that date. Pena signed and filed all
subsequent pleadings in the trial court, including the motion for judgment nihil dicit, and the first
amended petition.


 
Â Â Â Â Â Â The trial court signed an order on November 1, 2001 which reads in pertinent part as follows:
William Pena attempted to appear as âNext Friendâ and on behalf of Abel Hernandez
at this hearing. The Court determined that William Pena has not satisfied the
requirements to appear as next friend. Accordingly, the Motion [for Judgment Nihil
Dicit] is denied as moot. It is hereby ORDERED that said motion be, denied as moot
based on the fact it was filed by William Pena on behalf of Abel Hernandez. The Court
further finds that William Pena has no authority to proceed as next friend in this action
on behalf of Able Hernandez.

Â Â Â Â Â Â This does not appear to be a âfinalâ judgment from which an appeal may be taken. See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). â[W]hen there has not been a
conventional trial on the merits, an order or judgment is not final for purposes of appeal unless
it actually disposes of every pending claim and party or unless it clearly and unequivocally states
that it finally disposes of all claims and all parties.â Id. at 205. The order quoted above does not
satisfy this test.
Â Â Â Â Â Â The order appealed from does not purport to dispose of the merits of Hernandezâs claims
against Appellees. Thus, it is interlocutory and not appealable. See Lucas v. Burleson Pub. Co.,
39 S.W.3d 693, 696 (Tex. App.âWaco 2001, no pet.). Accordingly, we dismiss this appeal for
want of jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and 
Â Â Â Â Â Â Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed March 27, 2002
Do not publish
[CV06]



i>, 34 S.W.3d 547, 555 (Tex. 2000).  When a plea to the jurisdiction challenges the existence of jurisdictional
facts, implicating the merits of the plaintiffÂs cause of action, the trial
court reviews the relevant evidence to determine if a fact issue exists.Â  Miranda,
133 S.W.3d at 227.

Â Â Â Â Â Â Â Â Â  Special
defects Âunexpectedly and physically impair a vehicleÂs ability to travel on
the road.ÂÂ  Harris County v. Est. of Ciccia, 125 S.W.3d 749, 754 (Tex.
App.ÂHouston [1st Dist.] 2003, pet. denied) (quoting State v. Rodriguez,
985 S.W.2d 83, 85 (Tex. 1999)).Â  The condition of the road must be analogous to
and of the same degree as Âexcavations or obstructions on highways, roads, or
streets.ÂÂ  Tex. Civ. Prac. & Rem.
Code Ann. Â§ 101.022(b) (Vernon 1997).Â  It must present Âan unusual and
unexpected danger to ordinary users of roadways.ÂÂ  State Dept. of Highways
& Public Transp. v. Payne, 838 S.W.2d 235, 238 (Tex. 1992); City of Mission v. Cantu, 89 S.W.3d 795, 809 (Tex. App.ÂCorpus Christi 2002, no pet.).Â  The
dangerous condition need not have been created or caused by the government unit
to constitute a special defect for which the governmental unit has a duty to warn.Â 
Est. of Ciccia, 125 S.W.3d at 754 (citing County of Harris v. Eaton,
573 S.W.2d 177, 179 (Tex. 1978)).

Â Â Â Â Â Â Â Â Â  Pictures of the wooden bridge were
introduced into evidence by the County.Â  They depict a significant hole in
front of the bridge.Â  Portions of the bridge surrounding the depression appear
to have rotted away, and erosion has occurred immediately before the edge of
the bridge.Â  One of the wooden planks appears to have been removed from the
edge of the bridge.Â  Appellants argue that the vehicle struck this depression,
causing the tires to hit the front edge of the bridge and flip over.Â  The
County argues that this depression is not a special defect because it is not an
unusual or unexpected danger to ordinary users of the road.Â  They argue that
the ordinary use of the road is to travel on the center of the bridge, and not
to drive off it.Â  However, the depression, while not in the middle of road, is
still within the parameters of the driving portion of the bridge and can be
considered an obstruction.Â  In one of the CountyÂs photographs, traffic cones
surrounding the depression are some feet away from the edge of the bridge.Â  See
e.g. Morse v. State, 905 S.W.2d 470, 475 (Tex. App.ÂBeaumont 1995,
writ denied) (10 inch drop-off along shoulder that prevented carÂs left wheels
from reentering roadway once they slipped off was special defect); Stambaugh
v. City of White Oak, 894 S.W.2d 818, 820 (Tex. App.ÂTyler 1994, no writ)
(caved-in portion of road 15 feet by 10 feet special defect); State v.
Nichols, 609 S.W.2d 571, 573 (Tex. Civ. App.ÂWaco 1980, writ ref'd n.r.e.)
(3-4 foot caved-in portion of highway special defect); State v. McBride,
601 S.W.2d 552, 558 (Tex. Civ. App.ÂWaco 1980, writ ref'd n.r.e.) (slick, muddy
excavation special defect); Miranda v. State, 591 S.W.2d 568, 569 (Tex.
Civ. App.ÂEl Paso 1979, no writ) (flood water two feet deep across highway
special defect).

Â Â Â Â Â Â Â Â Â  Because there is conflicting evidence
as to the character of the depression, fact issues exist as to whether the
depression is a special defect.Â  Miranda, 133 S.W.3d at 227-28 (Âif the
evidence creates a fact question regarding the jurisdictional issue, the trial
court cannot grant the plea to the jurisdiction, and the fact issue will be
resolved by the fact finderÂ).Â  Accordingly, we sustain AppellantsÂ first
issue.

Conclusion

Â Â Â Â Â Â Â Â Â  Because AppellantÂs first issue is
dispositive of the case, we need not address their other issues.Â  We reverse
the judgment of the trial court and remand for further proceedings consistent
with this opinion.Â Â  

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FELIPE
REYNA

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â  Justice Reyna

Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray dissents to this opinion issued after rehearing without a separate
opinion.Â  See withdrawn opinion in this appeal issued April 6, 2005).

Reversed and remanded

Opinion delivered and
filed September 14, 2005

[CV06]

Â 









Â Â Â  [1]Â Â Â Â Â Â  Appellants
include Julia P. Diaz, individually and on behalf of Diaz, her son, and Michael
Brashear and Deborah Stayton, individually and on behalf of Brashear, their
son.Â  Afterwards, Bernardo Diaz, DiazÂs father, filed a plea in intervention.

Â 





Â Â Â  [2]Â Â Â Â Â Â  Bernardo
Diaz, the intervenor, did not submit evidence in response to the CountyÂs plea.