Marilyn Heister v. Western Shamrock et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-366-CV

Â Â Â Â Â MARILYN HEISTER,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â WESTERN SHAMROCK D/B/A
Â Â Â Â Â WESTERN FINANCE AND JIMMY GAMESON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 19th District Court
McLennan County, Texas
Trial Court # 99-3708-1
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Marilyn Heister sued Western Shamrock Corporation and Jimmy Gameson. Both defendants
filed answers. Shamrock moved for summary judgment. Summary judgment was granted. We
dismissed an earlier appeal because the judgment was not final. Heister v. Western Shamrock
Corp., 50 S.W.3d 643 (Tex. App.âWaco 2001, no pet.). The earlier judgment did not address
the claims against Gameson. After we dismissed the appeal, Gameson moved for summary
judgment. The hearing on the summary judgment motion was set on the same date that the cause
was set, on Heisterâs request, for a non-jury trial.
Â Â Â Â Â Â At the trial, Heister appeared by telephone but presented no evidence. Finding that Heister
offered no evidence at the non-jury trial, the trial court rendered judgment that Heister take
nothing from Gameson. The trial courtâs judgment disposed of all remaining issues as to all
remaining parties. It was therefore a final judgment for purposes of appeal. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 203-04 (Tex. 2001); Lucas v. Burleson Publ. Co., 39 S.W.3d 693, 695
(Tex. App.â Waco 2001, no pet.). Now, in two issues, Heister complains of the summary
judgment in favor of the defendants.
Judgment in Favor of Shamrock
Â Â Â Â Â Â Shamrock moved for summary judgment on three distinct grounds: (1) Heisterâs claims are
barred by the applicable statute of limitations; (2) Heister failed to satisfy the statutory
requirements as set out in the Texas Commission on Human Rights Act; and (3) Heisterâs claims
are barred by the Workersâ Compensation Act. The trial courtâs judgment granting Shamrockâs
summary judgment motion did not specify on which ground in the motion it relied. "When the
trial court does not specify the basis for its summary judgment, the appealing party must show it
is error to base it on any ground asserted in the motion." Star-Telegram, Inc. v. Doe, 915 S.W.2d
471, 473 (Tex. 1995).
Â Â Â Â Â Â Heister appeals the trial courtâs decision to grant summary judgment only based on grounds
one and three. She does not attack the trial courtâs decision to grant summary judgment based on
ground two. Having no complaint from Heister with the trial courtâs decision based on the second
ground, we must affirm the summary judgment in favor of Shamrock.
Judgment in Favor of Gameson
Â Â Â Â Â Â As noted above, the judgment in favor of Gameson was granted on the basis of a non-jury
trial, not a motion for summary judgment. Heisterâs issues only complain about the basis for
granting the motions for summary judgment. Heister brings no issue complaining about the
judgment on the non-jury trial in favor of Gameson. Therefore, we affirm the trial courtâs
judgment that Heister take nothing from Gameson.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Affirmed
Opinion delivered and filed June 18, 2003
[CV06]



e of Pepto-Bismol he had been
drinking from.

   Westerman also produced several
statements from individuals, dated after the trial, that he had talked to about
coming to court to testify for him.Â  Westerman testified that he mentioned
these individuals to his attorney before trial, but his attorney told him the
less people they had, the better.

Â Â Â Â Â Â Â Â Â  WestermanÂs attorney testified that
Westerman had told several different stories concerning the incident: that he
was eating a hot dog, that he was taking a Ânature pee,Â and that he had an
upset stomach.Â  The last explanation of an upset stomach was the one provided
to him shortly before trial, but he could not remember whether this was the day
of trial, or within two weeks of trial.Â  The attorney acknowledged that he knew
of Hendricks as a witness, but viewed her testimony as collateral because at the
time his trial strategy concerned the Ânature peeÂ which did not encompass a
credibility issue.Â  He also testified that he was aware of the other character
witnesses, but explained that calling them would be ÂsuicideÂ because he did
not know which version of WestermanÂs story they were told.Â  Yet, he never
interviewed these witnesses to discover what they knew about the incident and
what their testimony would be.Â  He only called Westerman because he looked
Âcredible.Â

Â Â Â Â Â Â Â Â Â  An attorney has a duty to make an independent
investigation of the facts supporting the defense.Â  Butler v. State,
716 S.W.2d 48, 54 (Tex. Crim. App. 1986).Â  This includes the responsibility to
seek out and interview potential witnesses.Â  Id.; Freeman, 2005 Tex. App. LEXIS 3093 at **4-5; State v. Thomas, 768 S.W.2d 335, 336-37 (Tex.
App.ÂHouston [14th Dist.] 1989, no pet.).Â  Also, an attorney has a professional
duty to present all available testimony in support of the clientÂs defense.Â  Thomas,
768 S.W.2d 335, 336-37.Â  Westerman testified that Hendricks was available for
trial, and HendricksÂs statement indicates her testimony would have been
helpful.Â  Therefore, we find that trial counsel was deficient in failing to
conduct a proper investigation of the trial and interview potential witnesses. Â Freeman,
2005 Tex. App. LEXIS 3093 at **4-5 (finding trial counsel deficient for failing
to conduct an adequate pre-trial investigation); In re I.R., 124 S.W.3d
294, 299 (Tex. App.ÂEl Paso 2003, no pet.) (finding trial counsel deficient for
failing to interview potential witnesses).

Â Â Â Â Â Â Â Â Â  The failure to interview or call a
witness will constitute prejudice against the defendant if Âit results in the
failure to advance a viable defense.ÂÂ  In re I.R., 124 S.W.3d at 300; Butler, 716 S.W.2d at 56.Â  Three people testified at WestermanÂs trial: Reyna, a
police officer, and Westerman.Â  The officer could neither confirm nor deny the
indecent exposure, therefore the outcome of the trial balanced upon the
credibility of Reyna and Westerman.Â  The State noted more than once that
Hendricks had not been called to testify for Westerman.

Â Â Â Â Â Â Â Â Â  According to her statement, Hendricks
would have corroborated significant parts of WestermanÂs version of the
events.Â  Given that the trial hinged on credibility, and that the State
emphasized that no one was there to corroborate WestermanÂs testimony, we
cannot say that had Hendricks been interviewed and called to testify at trial
the outcome of the trial would not have been different.Â  Strickland, 466
 U.S. at 694, 104 S. Ct. at 2068; Thompson, 9 S.W.3d at 812.Â  Therefore,
we conclude that there is a reasonable probability, a probability sufficient to
undermine our confidence in the outcome, that the results of WestermanÂs trial
would have been different if WestermanÂs counsel had interviewed and called
Hendricks.Â  See In re I.R., 124 S.W.3d at 302 (finding ineffective
assistance of counsel when a key corroborating witness was not interviewed or
called); see also Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Thompson,
9 S.W.3d at 812.Â  Accordingly, we find that the trial court abused its
discretion when it denied WestermanÂs motion for new trial.Â  See Charles,
146 S.W.3d at 208.Â  We sustain WestermanÂs third issue.




Conclusion

Â Â Â Â Â Â Â Â Â  We note that the evidence is legally
sufficient, and we do not reach the factual sufficiency question.Â  Having
sustained WestermanÂs third issue, we reverse the judgment of the trial court
and remand for a new trial.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FELIPE
REYNA

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Before Justice Vance,
and 

Â Â Â Â Â Â Â Â Â  Justice Reyna

Reversed and remanded

Opinion delivered and
filed June 22, 2005

Do not publish

[CR25]

Â