Paul Fowler v. Sheila Fowler et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-294-CV

     PAUL FOWLER,
                                                                              Appellant
     v.

     SHEILA FOWLER,
                                                                              Appellee

AND IN THE INTEREST OF
K.J.F. AND N.P.F., CHILDREN
 

From the 87th District Court
Leon County, Texas
Trial Court # 6354-B
                                                                                                                

DISSENTING OPINION
                                                                                                                

      The majority has misunderstood the trial court’s Order, resulting in an improper dismissal
of the appeal. Therefore, I dissent.
      In the same Texas court that issued the divorce decree, Paul Fowler filed a motion to
modify possession to be appointed sole managing conservator and a motion for contempt due to
violations of the possession order in the decree. Respondent in the motions was his former
wife, Sheila, who after the divorce had moved with their children to Mississippi. Sheila
responded by filing a special appearance and, under applicable provisions of the UCCJEA, a
plea to the jurisdiction and a plea of forum non conveniens. Tex. Fam. Code Ann. §§
152.202(a)(1), 152.207 (Vernon 2002). On July 20, 2001, the trial court issued a one-page
Order granting the plea to the jurisdiction.
      The Order specifically says “the Plea to the Jurisdiction filed herein by Sheila Fowler is
sustained on the above grounds.” The court stated in the Order that it had “determined and
concluded that substantial evidence is no longer available in the State of Texas concerning the
children’s care, protection, training and personal relationships as required by Section
152.202(a)(1) Texas Family Code.” Thus, by its Order the court dismissed the suit under the
UCCJEA for want of jurisdiction. Id. § 152.202(a)(1). The Order also awarded attorney’s
fees, completing all pending matters. In the Order, the trial court also found that it “is an
inconvenient forum under the circumstances and that a Court in the State of Mississippi is a
more appropriate forum.” The court did not, however, refer to the plea for forum non
conveniens in the decretal portion of the Order, which refers only to the plea to the
jurisdiction.
      A dismissal for want of jurisdiction is a final, appealable order, because the entire cause is
dismissed, and thus all claims of all parties are disposed of. See Lehman v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001); Lucas v. Burleson Publ. Co., 39 S.W.3d 693, 695 (Tex.
App.—Waco 2001, no pet.). In addition, this Order contains a Mother Hubbard clause. 
Although, absent a trial on the merits, inclusion of the clause does not necessarily indicate that
the court intended the order to be final, in the context of a dismissal for want of jurisdiction,
which disposes of all claims and parties, the clause shows the court’s intent of finality. See
Lehman, 39 S.W.3d at 203-04.
      Paul has appealed from a final, appealable Order. Therefore, we should address his issues
on appeal. Because the majority holds otherwise, I dissent.



                                                                   BILL VANCE
                                                                   Justice

Dissenting opinion delivered and filed January 14, 2004