Opinion issued April 25, 2002

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01066-CV






IVO NABELEK, Appellant


V.


GARY JOHNSON, BOB EVANS, JANIE COCKRELL, AND TEXAS BOARD OF
CRIMINAL JUSTICE, Appellees






On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2001-42336






O P I N I O N

 According to appellant's notice of appeal, contained in the clerk's record filed
in this Court on December 5, 2001, this is an appeal from "the trial court's October
2, 2001 orders of denial of pauper's oath and granting of temporary orders." The
orders appealed from are handwritten rulings of the trial court, appearing at the end
of "plaintiff's pro se motion to proceed in forma pauperis and motion to suspend the
rules." At the end of appellant's motion, his typewritten order was completed by the
trial court as follows:

ORDER

 BEFORE THE COURT on this day came to be heard Plaintiff's
motion to proceed in forma pauperis and motion to suspend the rules [to
allow plaintiff to file only original pleadings rather than originals and
copies].

 After considering of the same, the Court is of the opinion that the
motions should granted denied because, inter alia, plaintiff's claims
may be litigated in one of the other nine cases he has pending.

 It is therefore ORDERED, ADJUDGED AND DECREED that
both motions to this Court are hereby GRANTED. denied.


(Strikeouts those of the trial court; bolded words indicate those added by handwritten
interlineation of the trial court).

 On February 28, 2002, the Court issued an order stating, in part, as follows:

 With exceptions that are not applicable here, the Court has jurisdiction to
consider only appeals that are taken from final judgments disposing of all
parties and claims. See North East Indep. Sch. Dist. v. Aldridge, 400 S.W.2d
893, 895 (Tex. 1966); Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon
1997). The orders appellant has appealed from are neither final nor appealable. 
Therefore, unless within 30 days of the date of this order, appellant (i) files a
brief demonstrating to this Court by citation to the statutes and cases that it has
jurisdiction to consider his appeal and (ii) requests the trial court clerk to file
a supplemental clerk's record containing a final judgment, if one indeed exists,
within such 30-day period, the appeal will be dismissed for want of
jurisdiction.


 Appellant timely filed a "pro se brief in response to Court of Appeals' February
28, 2002 order." In that brief, appellant makes three arguments about why the above
order should be appealable:


 Although the order may not fall under the so-far and only delineated
exceptions to the final judgment rule, it should be appealable or a new
exception should be established.

 Because he is a pro se prisoner litigant, appellant asserts he does not
have to cite to case law. He further states that he does not have access
to the law library and can't research any caselaw.

 Based on pure logic, the denial of his pauper's motion should be
appealable at this time and on this action because it is in its practical
impact a virtual dismissal of his case in the trial court.



 We are unpersuaded by appellant's arguments and hold that the order appealed
from is neither final nor appealable.

 Accordingly, the appeal is dismissed for want of jurisdiction. All pending
motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Schneider and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.