NORTH EAST INDEPENDENT SCHOOL DISTRICT, Petitioner,

v.

Guy ALDRIDGE, Respondent.

No. A–10983.

Supreme Court of Texas.

March 30, 1966.

Foster, Lewis, Langley, Gardner & Hawn, Willis T. Taylor, San Antonio, with above firm, for petitioner.

Frank Y. Hill, Jr., San Antonio, for respondent.

CALVERT, Chief Justice.

Guy Aldridge appealed from a trial court judgment awarding a recovery from him by North East Independent School District of damages in the sum of $30,000.00. The Court of Civil Appeals dismissed the appeal upon a holding that the trial court's judgment was not a final judgment. 392 S.W.2d 607. We reverse the judgment of the Court of Civil Appeals and order the appeal reinstated.

School District's suit was based upon an alleged breach of a written contract between it and Aldridge. By the terms of the contract Aldridge agreed to sell and School District agreed to buy a tract of 20.963 acres of land at a price of $3,500.00 per acre, and Aldridge obligated himself to construct a sewer line along a section of the southern boundary and streets along the northern and western boundaries of the tract. The petition alleged that School District had fully performed its obligations, but that Aldridge had failed to construct the sewer line and the streets. Aldridge's amended answer included a plea in abatement, a general denial, a plea that the contract was in reality made by School District with King-O-Hills Development Company

for which he acted only as agent in executing the contract, and, with permission of the court, a cross-action against King-O-Hills Development Company to recover any sum which he might be adjudged liable to pay to School District. At a later date he filed a supplemental answer in which he pleaded that School District was estopped to assert its claim against him. King-O-Hills was duly cited and filed its answer to the cross-action. The record indicates that on June 5, 1964, the case was set for trial on the jury calender for the month of October, 1964.

School District moved for summary judgment on its claim against Aldridge for the damages sued for, or, alternatively, on the issue of Aldridge's personal liability for damages for breach of the contract. Aldridge filed an answer to the motion in which he asserted that there was an issue of fact concerning his personal liability inasmuch as School District knew that in executing the contract he was acting only as agent for King-O-Hills Company, and also an issue of fact concerning the amount of the damages. On July 8, 1964, the trial court granted School District's motion on its alternative prayer and rendered judgment that Aldridge was personally liable for damages for breach of the contract. The judgment also directed that "this cause proceed to trial upon the sole remaining issue of the amount of damages to which the plaintiff is entitled."

On October 5, 1964, the attorneys for School District and the attorney for Aldridge entered into a written stipulation that the damages suffered by School District as a result of the failure to construct the sewer line and streets amounted to $30,000.00. Thereupon, the court rendered judgment that North East School District recover of and from Guy Aldridge the sum of $30,000.00 with interest and costs. The judgment was approved as to form by the attorneys for both parties. There is no

mention in the judgment of the third-party defendant, King-O-Hills Company, and no disposition is made therein of the cross-action by Aldridge against such defendant. It was because of the failure of the judgment to dispose of the cross-action that the Court of Civil Appeals held that it was not a final judgment. It is that holding which we are called upon to review.

■ The finality of judgments for appealability has been a recurring and nagging problem throughout the judicial history of this State. We have steadfastly adhered through the years to the rule, with certain exceptions not applicable here, that an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties in a case. Gulf, C. & S. F. Ry. Co. v. Fort Worth & N. O. Ry. Co., 68 Tex. 98, 2 S.W. 199, 3 S.W. 564 (1886); Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W.2d 377 (1941). The rule is deceiving in its apparent simplicity and vexing in its application.

In Linn v. Arambould, 55 Tex. 611 (1881), this Court reviewed many of the earlier decisions and announced rules for determining finality which no doubt were thought adequate to settle all future questions in the area. If so, the thought died aborning. In one of the rules announced, the Court said that to be final "the judgment must in substance show *intrinsically, and not inferentially*,[1] that the matters in the record had been determined in favor of one of the litigants, or the rights of the parties in litigation had been adjudicated." 55 Tex. 619. That rule has long since passed into limbo. It was too simple. By its application most judgments easily became black or white—final or interlocutory; but all too often judgments which were obviously *intended* to be final were being held interlocutory because of careless draftsmanship. The rule had to be changed to accommodate oversight or carelessness.

---

1. Emphasis ours throughout unless otherwise indicated.

In 1896 this Court decided Rackley v. Fowlkes, 89 Tex. 613, 36 S.W. 77. No question of finality of a judgment was involved; only a question of res judicata. In a prior suit the plaintiff sought to recover title to land and rents from the land. The trial court's judgment awarded recovery of title to the land but did not mention the issue of rents. The plaintiff then filed a second suit for rents. This Court held that the defendant's plea of res judicata should have been sustained in the absence of a showing by the plaintiff that in his first suit he withdrew his count for rents or the court refused to decide it. The holding was bottomed upon a rule stated by the Court, as follows (36 S.W. 78):

> "The proposition seems to be sound in principle and well supported by authority that where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one, but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause."

The Court arrived at the rule by indulging "the presumption that the [trial] court performed the duty devolved upon it upon the submission of the cause by disposing of every issue presented by the pleadings so as to render its judgment final and conclusive of the litigation * * *." Taking no notice of the rule announced in Linn v. Arambould, or of the distinction between rules governing finality of judgments and those relating to res judicata, the Court in Davies v. Thomson, 92 Tex. 391, 49 S.W. 215 (1899), applied the rule quoted from Rackley v. Fowlkes in holding that a judgment which awarded plaintiffs relief they sought in one particular would "be construed" to deny relief they sought in another particular. Davies v. Thomson has been followed by our latest decisions on the subject. See Gamble v. Banneyer, 137 Tex. 7, 151 S.W.2d 586 (1941); Vance v. Wilson, Tex.Sup., 382 S.W.2d 107 (1964).

The decision in Davies v. Thomson obviously did not necessarily settle the issue of finality of a judgment which granted relief to a plaintiff but failed to dispose expressly of a cross-action or counterclaim by the defendant against the plaintiff. The Courts of Civil Appeals were badly divided in their rulings on the finality of judgments of that character. The issue was settled by this Court in favor of finality in Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161 (1913). The Court dealt a final blow in that case to the rule announced in Linn v. Arambould by indicating, in effect, that it was a dictum. For the first time the Court spoke of the disposition of issues by implication and by necessary implication; but it did so only in referring to holdings of various Courts of Civil Appeals. It should be noted that the Court did *not* hold that the defendants' cross-action in Trammell v. Rosen was disposed of by *necessary implication,* or even by *implication.* Instead, the Court stated that the "principle" which controlled Rackley v. Fowlkes and Davies v. Thomson was "applicable in great measure to this case." 157 S.W. 1163. That "principle" was, of course, that a *presumption would be indulged* that the court's judgment disposed "of every issue presented by the pleadings so as to render its judgment final and conclusive of the litigation;" and, in the absence of a showing that a claim for relief had been withdrawn or that the court refused to decide it, that the judgment would be "construed" to deny all relief not expressly granted. The Court need not have gone quite so far in Trammell v. Rosen. Instead of holding that the judgment would be construed as *denying all relief sought* in the pleadings and not expressly granted, the Court needed to hold only that the judgment would be construed as *disposing of all issues* made by the pleadings in the case. Whether the judgment was construed as *denying* all relief not expressly granted or as *dismissing* all claims for relief not expressly granted was immaterial to the holding of finality. The distinction becomes important when the subsequent opinion of the Commission of Ap-

peals in Burton Lingo Co. v. First Baptist Church of Abilene, Tex.Com.App., 222 S.W. 203 (1920), is considered.

In Burton Lingo Co. v. First Baptist Church of Abilene, Burton Lingo Co. sued a number of defendants, including a contractor and the sureties on his bond, on an account for materials furnished the contractor. A joint answer was filed on behalf of the contractor and the sureties. Bankruptcy was pleaded as a defense on behalf of the contractor, and the sureties pleaded their suretyship, and by cross-action sought a recovery over against the contractor. At the conclusion of the evidence the trial court instructed a verdict against the plaintiff on its claim against the contractor, and in favor of the plaintiff against the sureties. No instruction was given with respect to the sureties' cross-action. The trial court's judgment decreed that the plaintiff recover the amount of its account from the sureties, but it neither disposed of nor mentioned the sureties' cross-action against the contractor. The sureties appealed. The Court of Civil Appeals held that the judgment was not a final judgment and dismissed the appeal. 198 S.W. 1013. The Commission of Appeals called attention to the fact that a joint answer had been filed on behalf of the contractor and the sureties and observed that the record did not show that the sureties had objected to the failure of the trial court to instruct a verdict in their favor on their cross-action, or that they had complained of the failure of the trial court to award them a recovery on their cross-action at the time the judgment was rendered, in their motion for new trial, or in their appeal to the Court of Civil Appeals. Under these circumstances, said the court, "It is not unreasonable to presume in favor of the finality of the judgment that the sureties elected to waive and abandon their cross-action, or that a dismissal or discontinuance was had with reference thereto." 222 S.W. 204. Here, as in Trammell v. Rosen, the Court was presuming that the trial court made disposition of the cross-action *in a particular manner*, when

all that was necessary to a holding of finality was a presumption that the claim *had been disposed of*, as in Rackley v. Fowlkes and Davies v. Thomson.

Notice should be taken of the holding in Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W.2d 377 (1941). In that case the defendant filed a plea in abatement and a cross-action against the plaintiff. The trial court entered a judgment sustaining the plea in abatement and dismissing the suit. No disposition was made of the cross-action. The plaintiff appealed. This Court held that the judgment dismissing the plaintiff's suit did not by *necessary implication* dispose of the defendant's cross-action against the plaintiff and was not final. The rationale of the decision is found in the Court's statement that had the trial court intended to retain the cross-action for further consideration, it would have entered the very judgment which it did enter. The effect of the holding is to engraft an exception upon the general rule formulated by the decisions preceding *Davis*. The exception may be stated thusly: It will not be presumed that a judgment dismissing a plaintiff's suit on nonsuit, plea to the jurisdiction, plea in abatement, for want of prosecution, etc., also disposed of the issues in an independent cross-action.

■ There are a great number of decisions by Courts of Civil Appeals and by the Commissions of Appeals dealing with finality of judgments in various fact situations. It would serve no good purpose to review them here. Analysis of the decisions we have discussed is sufficient to lead us to the statement of a rule for determining, in most instances, whether judgments in which parties and issues made by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes. When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil

Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a "case" within the meaning of the foregoing rule. The rule will be subject to the exception created by Davis v. McCray Refrigerator Sales Corporation; but it will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants. Of course, the problem can be eliminated entirely by a careful drafting of judgments to conform to the pleadings or by inclusion in judgments of a simple statement that all relief not expressly granted is denied.

The rule announced disposes of the question to be decided in this case unless the statement contained in the court's summary judgment is regarded as an order for a separate trial of the issue of damages. As heretofore noted, that judgment decreed that Aldridge was personally liable to School District for damages caused by breach of the contract, and then directed that "this cause proceed to trial upon the sole remaining issue of the amount of the damages to which the plaintiff is entitled." We are not disposed to regard the quoted order as one entered under Rule 174 for trial of the separate issue of the amount of damages. The order speaks of the "cause" proceeding to trial of a particular issue; it does not speak of a separate trial of an issue as a preliminary matter or as independent of final trial of the cause. It indicates that at that stage of the proceedings the court overlooked the fact that under the pleadings there were other issues and parties to be disposed of when the case was reached for trial on the October, 1964, jury docket.

Under the rule announced, the presumption is that the judgment entered on October 7, 1964, disposed of Aldridge's cross-action against King-O-Hills Development Company; and in the absence of a contrary showing in the record, we hold that the judgment entered on that date was a final judgment.

The proper judgment to be rendered by this Court is one reversing the judgment of the Court of Civil Appeals and ordering the cause reinstated on the docket of that court for consideration of the appeal on its merits. See Bay v. Mecom, Tex.Sup., 393 S.W.2d 819 (1965); Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161 (1913). It is so ordered.

SMITH, J., concurs in the result.