IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-305-CV





LAWRENCE EDWARD THOMPSON,



 APPELLANT


vs.





TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL

DIVISION AND JAMES A. LYNAUGH,


 APPELLEES



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 94-14210, HONORABLE JOSEPH H. HART, JUDGE PRESIDING


 




PER CURIAM

 After the transcript was tendered in this cause, the Clerk of this Court wrote the
parties and stated that it appeared that no final judgment existed. The district court's February 22,
1994, order granting James A. Lynaugh's motion to dismiss appeared to be interlocutory because
it did not dispose of all parties (i.e., the Texas Department of Criminal Justice--Institutional
Division; Carl White; Craig A. Raines; James E. Stewart; Richard L. Jackson, Jr.; and Kerry M.
Rasberry, D.O.) and claims (i.e., Thompson's motion to compel and motion for sanctions). See
North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). The Clerk asked the
parties (1) to obtain a final judgment from the district court and (2) to request that the district
clerk prepare a supplemental transcript containing the appropriate documents demonstrating that
the judgment is final. The parties have not complied.

 Accordingly, we dismiss the appeal for want of jurisdiction because the appeal is
interlocutory. See Tex. R. App. P. 60(a)(2).


Before Justices Powers, Aboussie and Jones 

Appeal Dismissed for Want of Jurisdiction

Filed: August 17, 1994

Do Not Publish