case in accordance with the terms agreed to by the parties.

George R. NEELY, Appellant,

v.

Andy PAREDES; Commission for Lawyer Discipline; State Bar of Texas; Mary Ann Sanders a/k/a Mary Ann Strahan; Gerald P. Denisco; Jeff Cody; Douglas Townsend; Hunter, Farris, Mallett & Townsend, P.C.; Industrial Photographic Supply, Inc.; Bennett Greenspan; Bayer Corporation; Agfa Division Of Bayer Corporation; Stewart A. Feldman; Sharp Imaging, Inc.; and Fulbright & Jaworski, Appellees.

No. 01–98–00279–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 15, 1999.

Panel consists of Justices HEDGES, ANDELL, and DUGGAN.*

OPINION

PER CURIAM.

After examining the record, this Court did not find a final, appealable judgment disposing of all the parties and claims in the trial court cause no. 97–51928.[1] On

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Generally, Texas appellate courts have jurisdiction only over final judgments. *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893,

895 (Tex.1966). A judgment is final and appealable if it disposes of all issues and parties. *Id.* The exceptions to this rule are not relevant in this case. *See generally* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1999).

June 24, 1999, we ordered that the appeal would be dismissed for want of jurisdiction, unless within 15 days of the order, appellant paid for and the district clerk filed a supplemental clerk's record demonstrating that there is a final judgment, or appellant filed a brief demonstrating that there is a final judgment. *See* TEX. R.APP.P. 42.3(a). Appellant has not done so. Accordingly, the appeal is dismissed for want of jurisdiction.

It is so **ORDERED**.