NO. 07-01-0507-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 4, 2002

_____

CEDRIC JONES, APPELLANT

V.

GARY D. GIFFORD, ET AL., APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 88649-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Cedric Jones, an indigent inmate, has appealed pro se an order granting the motion of appellees Senior Warden Joseph K. Price and Property Officer Gifford to dismiss his civil rights complaint in which he alleges that correctional officers failed to inventory his personal property and lost certain items. In that appeal, he has filed a motion asking us to order the clerk of this court to prepare and provide him with a copy of the transcript in this cause so that he may draft a sufficient brief. A copy of the clerk's record

has been provided to this court for purposes of the appeal. However, for the reasons expressed below, we must dismiss the appeal.

The general rule is that a judgment must be final before it can be appealed. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final if it disposes of all parties and issues. *North East Independent School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Finality can also be achieved by severance, dismissal, or non-suit of unresolved claims. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995).

The record shows that appellant sued Senior Warden Joseph K. Price, Lieutenant James R. Beach and Property Officer Gifford. Price was served with citation on May 14, 2001, and Gifford was served the same day. On June 7, 2001, Price and Gifford filed an original answer. Thereafter, on June 21, 2001, Price and Gifford filed a motion to dismiss appellant's lawsuit as frivolous, which was partially premised on their lack of personal involvement in the deprivation of appellant's property, their status as state officials, and official immunity. Service of citation was not effected on Beach until August 20, 2001. The record does not show that Beach ever filed an answer to appellant's complaint.

On December 14, 2001, the court entered an order granting "Defendants Gifford and Price's Motion to Dismiss as Frivolous." The order further stated: "It is hereby ORDERED, ADJUDGED AND DECREED that said Motion be, and it is hereby GRANTED. Plaintiff's claims in the above-styled and entitled cause of action are hereby DISMISSED.

2

All relief not granted is specifically denied." The order does not specify the grounds upon which the motion to dismiss was granted.

To be final, a judgment rendered in a proceeding other than a conventional trial on the merits must actually dispose of all claims and parties or state clearly and unequivocally that it is a final judgment as to all claims and all parties. *Lehmann,* 39 S.W.3d at 205. However, this order does not explicitly dispose of the claims against Beach.[1] The record also does not show that the claims of appellant against Price and Gifford were severed from the rest of the lawsuit.

Therefore, because the record before us does not reveal that the judgment is final as to all parties and all claims, we must and hereby do dismiss the appeal.

John T. Boyd
Chief Justice

Do not publish.

---

[1]Appellant has also appealed from orders of the trial court dismissing his petition for judicial review and denying his motion for summary judgment, motion for Spears Hearing, and motion for preliminary injunction.