Opinion issued June 13, 2002

 

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00216-CV






IN THE INTEREST OF T.R.S. AND G.N.S., MINOR CHILDREN






On Appeal from the 247th District Court

Harris County, Texas

Trial Court Cause No. 2001-58132






O P I N I O N

 According to information provided by the trial court clerk, the notice of appeal,
filed on February 21, 2002 by Michael Sontchi, states that the appeal is from an order
signed on January 26, 2002 setting the case for trial. The trial court clerk has advised
the Court that there was no formal order signed on January 26, 2002. Rather, the trial
court generated a "scheduling order and notice of intent to dismiss" on that date,
which set the case for "trial on the merits for June 24, 2002."

 On May 9, 2002 this Court issued an order that stated in relevant part:

 With exceptions not relevant here, an appeal may only be prosecuted
from a final judgment. North East Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966). A final judgment is one that disposes of
all issues and parties in the case. Id. An order setting a case for trial is
not an appealable order, see, e.g., Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014 (Vernon Supp. 2002), nor is it a final judgment. Unless within
30 days of the date of this order, appellant provides this Court with a
brief demonstrating with legal citations that an appeal may be taken
from such an order, this appeal will be dismissed for want of
jurisdiction. Tex. R. App. P. 42.3(a).


 The brief appellant has filed in response to this order does not demonstrate that
an appeal may be taken from an order setting a case for trial. We dismiss the appeal
for want of jurisdiction. See North East Indep. Sch. Dist. v. Aldridge, 400 S.W.2d
893, 895 (Tex. 1966) (an appeal may only be prosecuted from a final judgment); Tex.
Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2002) (not including trial
setting orders among the matters that may be the subject of interlocutory appeals);
Tex. R. App. P. 42.3(a) (after giving 10 days' notice to all parties, the appellate court
may dismiss the appeal for want of jurisdiction).

PER CURIAM

Panel Consists of Chief Justice Schneider and Justices Hedges and Nuchia.

Do not publish. Tex. R. App. P. 47.