Opinion issued June 13, 2002









In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01070-CV






JESSE BROWN, Appellant


V.


OAK FOREST APARTMENTS, Appellee






On Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 739,316






O P I N I O N

 According to appellant's notice of appeal, filed on August 22, 2000, this is an
appeal from the county civil court at law's order of August 17, 2000, denying
appellant permission to proceed in forma pauperis and to be represented by a
nonlawyer. The parties appear to agree that, on July 28, 2000, the justice court
granted appellee judgment with writ of possession to issue on August 3, 2000. 
Appellant appealed to the county civil court at law, which signed the order
complained of here on August 17, 2000. The county civil court at law did not
consider the merits of the eviction proceeding.

 On January 18, 2001, this Court issued an order (1) that stated as follows: 

 [W]ith exceptions not relevant here, an appeal may only be
prosecuted from a final judgment. North East Indep. Sch. Dist. v.
Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). A final judgment is one
that disposes of all issues and parties in the case. Id. The orders
appealed from here do not constitute a final judgment.


 Accordingly, unless within 30 days of the date of this order,
appellant requests and the trial court clerk files a supplemental clerk's
record demonstrating that this appeal is taken from a final and
appealable judgment and that the notice of appeal has been timely filed,
this appeal will be dismissed for want of jurisdiction.


 In response to this Court's order of January 18, 2001, appellee moved to
dismiss the appeal for want of jurisdiction, stating that the county civil court at law
never considered the merits of the underlying proceeding. Pro se appellant filed a
"motion for an extension of time to obtain court reporters transcript." Jim Thompson,
a nonattorney purporting to be a representative of appellant, filed the following
documents on February 21, 2001: (1) a "motion for an extension of one day to file
the accompanying documents" and (2) a "motion to quash and for issuance of order
of contempt and sanctions of attorney Jill A. Willard, Thompson, Knight, Brown,
Parker & Leary, L.L.P., Oak Forest Apartments, its agents Jackie Mendoza & Patricia
Villegas, Justice of the Peace Mark Fury & Robert Stahl, Constable Glen Cheek,
Baliff Frank Cox and Harris County, Texas, et al." In response, appellee filed a
"motion to strike recent pleadings filed by appellant Jesse Brown, et al. and request
to rule on previously filed motion to dismiss for want of jurisdiction."

 In general, a party to a lawsuit may either be represented by an attorney or may
appear pro se. There are limited exceptions in which nonattorneys may represent
parties to lawsuits. The Texas Property Code carves out one such exception wherein
it states: "In eviction suits in justice court for nonpayment of rent or holding over
beyond a rental term, the parties may represent themselves or be represented by their
authorized agents, who need not be attorneys." Tex. Prop. Code. Ann. § 24.011
(Vernon 2000) (emphasis added). This rule is clearly limited to justice courts and
does not apply to appellate courts. Accordingly, we cannot accept filings from
someone who is neither a party to the appeal nor an attorney. See Tex. R. App. P.
9.1(b). We grant appellee's "motion to strike" and strike the "motion for an extension
of one day to file the accompanying documents," and "motion to quash and for
issuance of order of contempt and sanctions of attorney Jill A. Willard, Thompson,
Knight, Brown, Parker & Leary, L.L.P., Oak Forest Apartments, its agents Jackie
Mendoza & Patricia Villegas, Justice of the Peace Mark Fury & Robert Stahl,
Constable Glen Cheek, Baliff Frank Cox and Harris County, Texas, et al." filed by
Jim Thompson.

 As stated in this Court's order of January 18, 2001, with certain exceptions not
applicable here, an appeal may be prosecuted only from a final judgment, which is
one disposing of all issues and parties in a case. North East Indep. School Dist. v.
Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Thus, even assuming the stricken
documents were filed appropriately by pro se appellant, they do not affirmatively
establish to the Court that this appeal was taken from a final judgment of the county
civil court at law. (2) No supplemental clerk's record has been filed. Nor has pro se
appellant responded to this Court's order of January 18, 2001, other than to file a
motion for an extension of time to obtain court reporters transcript. No reporter's
record has been received by this Court. 

 Accordingly, appellee's motion for involuntary dismissal for want of
jurisdiction is granted; and the appeal is dismissed for want of jurisdiction.

PER CURIAM

Panel consists of Justices Hedges, Taft, and Jennings.

Do not publish. Tex. R. App. P. 47.


 
1. The order also confirmed pro se appellant was entitled to proceed on
appeal as a pauper, since he filed a timely pauper's oath that was not contested. See
Tex. R. App. P. 20.1(f). 
2. This appeal has been on file since September 25, 2000. The clerk's
record on file does not contain a final judgment. No supplemental clerk's record, no
reporter's record, and no briefs have been filed in this appeal.