Opinion issued June 27, 2002

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00445-CV






L.D. PITTS, Appellant


V.


EDDIE ERWIN, Appellee






On Appeal from the 129th District Court

Harris County, Texas

Trial Court Cause No. 2002-17775






O P I N I O N

 According to information provided by the trial court clerk, a notice of appeal
was filed on April 29, 2002 complaining about the trial court's ruling denying a new
date for an oral deposition. No order was signed; only a notation on the docket sheet
was made. It appears to the Court that it has no jurisdiction to consider this appeal
because it is taken neither from a final judgment nor from an interlocutory order
appealable by statute.

 On May 16, 2002, the Court issued an order stating as follows:

With exceptions not relevant here, an appeal may only be prosecuted
from a final judgment. North East Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966). A final judgment is one that disposes of
all issues and parties in the case. Id. Unless within 30 days of the date
of this order, appellant requests and pays for, and the district clerk files,
a clerk's record demonstrating that all issues and parties before the trial
court have been disposed of, this appeal will be dismissed for want of
jurisdiction. Tex. R. App. P. 42.3(a).


 No clerk's record has been filed. Appellant has not responded to this Court's
order of May 16, 2002. Accordingly, the appeal is dismissed for want of
jurisdiction. All pending motions are denied as moot.

 Appellant, having invoked the jurisdiction of the Court by filing his notice of
appeal, is obligated to pay the appellate filing fee of $125. See Tex. R. App. P. 5;
Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts
of Appeals, Misc. Docket No. 98-9120 (Tex. Jul. 21, 1998); Tex. Gov't Code Ann.
§ 51.207(a) (Vernon Supp. 2002). Appellant is ordered to remit such filing fee to the
Clerk of this Court within 10 days of the date of this opinion. Appellant is not
entitled to proceed as an indigent in this appeal because he has not complied with
Tex. R. App. P. 20.1(c). 

PER CURIAM

Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.