Dismissed and Opinion filed January 9, 2003













Dismissed and
Opinion filed January 9, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01255-CV

____________

 

KATHY SPATES, Appellant

 

V.

 

WAL-MART STORES, INC., Appellee

 

_______________________________________________________________

 

On Appeal from
the 149th District Court

Brazoria County, Texas

Trial Court
Cause No. 18497*RM02

 

_______________________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            This is an attempted appeal from a
partial summary judgment signed November
 12, 2002.  The clerk’s
record was filed on December
 4, 2002.  The record did
not contain the order being appealed. 
Moreover, it appeared from the record that the order would not dispose
of all parties to the case.  Accordingly,
on December 12, 2002, this
Court ordered appellant to file a supplemental clerk’s record containing an appealable order and a response demonstrating that this
Court has jurisdiction over the appeal.  See Tex.
R. App. P. 42.3(a).        On
December 17, 2002, a
supplemental clerk’s record was filed containing an order granting the motion
for summary judgment filed by defendant Wal-Mart Stores, Inc., signed 








on November
 12, 2002.  The record
before this Court reflects that Dr. Pepper Bottling Company of Texas, Inc. and
Dr. Pepper/7 Up, Inc. are also defendants in the suit, and the record contains
no order disposing of the claims against them or any order of severance.  Other than a request for an extension of time
to file her brief, appellant filed no response to our December 12, 2002 order. 

            Appellate courts have jurisdiction
over appeals from final judgments and specific types of interlocutory orders
that the legislature has designated as appealable
orders.  See North East I.S.D. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966); see also Tex. Civ. Prac.
& Rem. Code Ann. § 51.014 (listing appealable interlocutory orders).  An order or judgment is not final for
purposes of appeal unless it actually disposes of every pending claim and party
or unless it clearly and unequivocally states that it finally disposes of all
claims and all parties.  Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 205 (Tex. 2001).  An order that
does not dispose of all issues and parties is interlocutory and is not appealable absent a severance.  Id.  

            Appellant filed a notice of
“accelerated” appeal.  “An appeal from an
interlocutory order, when allowed,
will be accelerated.”  Tex. R. App. P. 28.1.  Thus, it appears appellant is attempting to
appeal the interlocutory partial summary judgment in favor of Wal-Mart Stores,
Inc., which had filed a traditional and no-evidence motion for summary judgment
denying liability for appellant’s injuries from an alleged slip and fall in one
of its stores.  These
is no statutory provision for an interlocutory appeal from such an order
granting a partial summary judgment.

            Accordingly, the appeal is ordered
dismissed for want of jurisdiction.

                                                                        PER
CURIAM

 

Judgment rendered and
Opinion filed January 9, 2003.

Panel consists of Chief
Justice Brister and Justices Hudson and Fowler.