Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-11-00085-CV

Gary **DEROUIN**,
Appellant

v.

**DODEKA LLC**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 353738
Honorable Jason Wolff, Judge Presiding[1]

PER CURIAM

Sitting:      Phylis J. Speedlin, Justice
              Rebecca Simmons, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:   July 13, 2011

DISMISSED

Appellant Gary Derouin appealed an October 6, 2009 judgment rendered by the Justice Court, Precinct No. 2, Bexar County, Texas, awarding appellee Dodeka LLC the sum of $6,022.04, plus $400 in attorney's fees, to the County Court at Law of Bexar County, Texas. The clerk's record reflects that a trial de novo was held before the Honorable H. Paul Canales in

---

[1] The former presiding judge of County Court at Law No. 2, Bexar County, Texas, the Honorable H. Paul Canales, presided over the proceedings from which this appeal arises.

County Court at Law No. 2. Derouin now seeks to appeal[2] from the County Court's decision affirming the justice court's judgment. However, the clerk's record does not contain a written judgment signed by the Honorable H. Paul Canales, and the clerk of this Court has been informed that no written judgment exists. In addition, a different judge who did not preside over the trial de novo is currently on the bench in County Court at Law No. 2. In the absence of an appealable final judgment in writing, this court has no jurisdiction over this appeal. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007); *Lehmann v. Har Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Northeast Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Therefore, on June 17, 2011, we ordered appellant Derouin to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Derouin responded by filing a written document [3] in which he concedes that no written judgment by the County Court at Law exists. This Court will not have jurisdiction over this matter until the County Court at Law conducts a new trial de novo to provide Derouin with his appeal from the justice court's judgment, and renders a written final judgment, which may then be appealed to this Court. Having determined that there is no final appealable judgment by the trial court in this case, we must dismiss this appeal for lack of jurisdiction. *See Lehmann*, 39 S.W.3d at 205-06. Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

---

[2] This Court construed a portion of Derouin's petition for writ of mandamus filed on January 19, 2011 in Cause No. 04-11-00043-CV, styled *In re Gary Derouin*, as a notice of appeal from the proceedings in the County Court at Law No. 2.

[3] Derouin's written response includes a request that we issue a writ of mandamus instructing the current presiding judge of County Court at Law No. 2 to sign an appealable order; however, despite being so instructed by the deputy clerk, Derouin neither paid the $125 filing fee for a petition for mandamus nor filed an accompanying affidavit of indigence as required for the pleading to be considered a separate mandamus proceeding.