**Opinion issued September 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00314-CV

———————————

**CEVA LOGISTICS U.S., INC. AND CEVA FREIGHT, LLC, Appellants**

**V.**

**ACME TRUCK LINE, INC., Appellee**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-39403**

---

## MEMORANDUM OPINION

Appellants, CEVA Logistics U.S., Inc. and CEVA Freight, LLC (collectively "CEVA"), attempt to appeal from the trial court's March 5, 2015

order that they take nothing on their cross-claim against appellee, Acme Truck Line, Inc. We dismiss the appeal for want of jurisdiction.

In 2010, Cellco Partnership d/b/a Verizon Wireless filed suit against CEVA, Acme Truck Line, and American Eagle Transport Inc. f/k/a New Horizon Transportation Inc. CEVA answered Cellco Partnership's suit and asserted cross-claims against American Eagle Transport and Acme Truck Line. *See* TEX. R. CIV. P. 97(e). Acme Truck Line then asserted a cross-claim against American Eagle Transport, which asserted cross-claims against CEVA. On March 5, 2015, the trial court granted Acme Truck Line's first amended motion for summary judgment on CEVA's cross-claim, denied CEVA's amended motion for summary judgment on that cross-claim, and ordered that CEVA take nothing on its cross-claim against Acme Truck Line.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final, a judgment must dispose of all issues and parties in a case. *Aldridge*, 400 S.W.2d at 895. A summary judgment order is final for purposes of appeal only if it either "actually disposes of all claims and parties then before the court . . . or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93; *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799

S.W.2d 677, 678–79 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case, including those presented by counterclaim or cross action, to be final and appealable.").

Here, the trial court, in its summary judgment order, granted only Acme Truck Line's summary judgment motion and it did not mention any claim other than CEVA's cross-claim against Acme Truck Line. The summary judgment order does not state that it is final or appealable, and it does not include any other "clear indication that the trial court intended the order to completely dispose of the entire case." *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 870 (Tex. App.—Dallas 2014, no pet.). And, the clerk's record filed in this appeal does not reflect that the trial court has disposed of all claims and parties before the court.

Based on the foregoing, we conclude that this Court does not have jurisdiction over this attempted appeal. *Cf. Sanchez*, 799 S.W.2d at 679 (summary judgment that did not dispose of counterclaim was not final and appealable); *Correa v. Greater Northside Mgmt. Dist.*, No. 01-14-00169-CV, 2014 WL 1803016, at *1 (Tex. App.—Houston [1st Dist.] May 6, 2014, no pet.) (mem. op.) (concluding summary judgment order that adjudicated only plaintiff's claims against defendant and not his counterclaims was not final and appealable).

On June 30, 2015, we notified the parties that the Court might dismiss the appeal unless CEVA, by July 14, 2015, filed a supplemental clerk's record containing documents showing that all parties' claims had been resolved, or a response demonstrating that the Court has jurisdiction over this appeal. CEVA has not responded.

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Brown.