

# NUMBER 13-16-00212-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**VANESSA TIJERINA,**                                       **Appellant,**

**v.**

**DIANA CONDE,**                                            **Appellee.**

### On appeal from the 197th District Court of Willacy County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellant, Vanessa Tijerina, attempted to perfect an appeal from an order signed on March 23, 2016, denying her motion to recuse and disqualify the Honorable Migdalia Lopez. Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not a final appealable order. The Clerk of this Court

notified appellant of this defect so that steps could be taken to correct the defect, if it could be done.   *See* Tex. R. App. P. 37.1, 42.3.    Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction.   Appellant failed to respond to the Court's notice.

In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute.   *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).   An order denying a motion to recuse may be reviewed only on appeal from a final judgment.   *See* Tex. R. Civ. P. 18a(j)(1)(a).   An order denying a motion to disqualify may be reviewed by mandamus "and may be appealed in accordance with other law."   *See id.* R. 18a(j)(2).   Because there is no "other law" allowing an interlocutory appeal of an order denying a motion to disqualify in a case such as this, the denial of the motion to disqualify may be reviewed on appeal from the final judgment rendered in the cause.   *See id.*; *see also Gore v. Gore*, No. 05-13-01025-CV, 2014 WL 1018650, at *1 (Tex. App.—Dallas Mar. 17, 2014, no pet.) (mem. op.).

Absent an appealable interlocutory order or final judgment, this Court has no jurisdiction over this appeal.   *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007); *Lehmann*, 39 S.W.3d at 195; *Northeast Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).   The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction.   *See generally* Tex. R. Civ. P. 18a(j).

Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R.

APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the
19th day of May, 2016.