

# Fourth Court of Appeals
## San Antonio, Texas

June 15, 2018

No. 04-18-00351-CV

**IN THE INTEREST OF R.G.M.R., A CHILD**,

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01101
Honorable Richard Garcia, Judge Presiding

# O R D E R

Generally, "an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree," or "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192-93, 95. When a judgment is rendered after a conventional trial on the merits, the judgment is presumed to be final as to all claims and all parties. *See id.* at 198-99 (discussing *Rackley v. Aldridge*, 400 S.W.2d 893 (Tex. 1966)).

In this case, the Department of Family and Protective Services sought to terminate the parental rights of both the child's mother and father. After a hearing, the associate judge signed a Memorandum of Associate Judge's Order. The Memorandum states "Father is terminated [on] grounds stated on record by ADA." However, the Memorandum does not address the status of the mother's parent-child relationship. Although the Memorandum recites that the court suspended the mother's visitation with the child, the recitation noted there would be a "further order." Additionally, after the associate judge signed the Memorandum, the mother filed a request for a trial de novo, stating that the request was timely filed. *See* TEX. FAM. CODE § 201.007(a)(14), (c) (stating a final order rendered by an associate judge becomes final after the expiration of the period for filing a request for a de novo hearing "if a party does not request a de novo hearing in accordance with that section).

It therefore appears to the court the order appealed is interlocutory and not a final, appealable judgment. We order appellant to show cause in writing to this court no later than **July 5, 2018** why this appeal should not be dismissed for lack of jurisdiction. If a supplemental clerk's record is required to demonstrate our jurisdiction, appellant must (a) ask the trial court clerk to prepare the record, and (b) notify this court that such a request was made. If appellant fails to file a satisfactory response by the date ordered, the appeal will be dismissed.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of June, 2018.



_____
KEITH E. HOTTLE,
Clerk of Court