# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00560-CV

Juan A. Martin-de-Nicolas, Appellant

v.

Mark Octaviano, Joaquin Aguirre, Victorio Tostado, and
Lylia B. Jimenez-Gutierrez, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-18-000386, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## MEMORANDUM OPINION

Juan A. Martin-de-Nicolas sued Mark Octaviano, Joaquin Aguirre, and Victorio Tostado alleging causes of action for negligence and negligent entrustment arising out of a motor vehicle collision. Tostado and Octaviano each filed a motion for summary judgment, both of which the trial court granted on May 29, 2018. Thereafter, Martin-de-Nicolas filed an amended petition that added causes of action for negligent entrustment, fraud, and negligent misrepresentation against Lylia B. Jimenez-Gutierrez.

In August 2018, Martin-de-Nicolas filed a notice of appeal from the summary judgment orders granted in favor of Tostado and Octaviano. The clerk's record was filed in this Court on October 4, 2018. On October 26, 2018, the Clerk of this Court sent Martin-de-Nicolas a letter informing him that after a review of the clerk's record it appeared that it did not include a final judgment. The Clerk noted that the claims against Aguirre and Jimenez-Gutierrez were not

addressed in the summary judgment orders appealed from, nor had Martin-de-Nicolas brought forth any documentation indicating that the claims against Octaviano and Tostado had been severed from the claims against Aguirre and Jimenez-Gutierrez. The Clerk cautioned Martin-de-Nicolas that his failure to inform the Court of the basis for jurisdiction over this appeal could result in dismissal of the cause for want of jurisdiction. On November 13, 2018, Martin-de-Nicolas filed a response to the Court's inquiry in which he stated that a motion for severance had been filed in the district court. This Court has received no further information from Martin-de-Nicolas.

With exceptions not applicable here, an appeal may only be prosecuted from a final judgment. *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be a final judgment from which an appeal may be taken, the judgment must dispose of all parties and all issues in the case. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). In reviewing the record before us, we conclude that the summary judgment orders appealed from did not dispose of all matters pending in the trial court and were not intended to be a final order. The record before this Court does not demonstrate that the orders from which Martin-de-Nicolas has given notice of appeal constitute a final appealable judgment. Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed: February 13, 2019

2