

# Fourth Court of Appeals
## San Antonio, Texas

May 18, 2021

No. 04-21-00141-CV

**IN THE INTEREST OF J.L.W., CHILDREN**,

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-01086
Honorable Charles E. Montemayor, Judge Presiding

## O R D E R

On April 13, 2021, appellant filed a notice of appeal stating her intent to appeal a final decree of termination signed "on or about March 15, 2021." The clerk's record was filed on April 26, 2021. Although the clerk's record contains the judge's notes, the clerk's record did not contain an order terminating appellant's parental rights. *See In re L.H.*, No. 04-13-00174-CV, 2013 WL 3804585, at *1 (Tex. App.—San Antonio July 17, 2013, no pet.) (noting judge's notes do not constitute a final order) (mem. op.). In response to this court's inquiry, the trial court clerk confirmed the trial court has not signed a final order. "[A]n appeal may be prosecuted only from a final judgment." *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Because the clerks' record indicated that no final order had been entered in the underlying case, on April 27, 2021, this court ordered appellant to show cause in writing no later than May 7, 2021 why this appeal should not be dismissed for lack of jurisdiction.

On May 7, 2021, appellant filed "Appellant's First Response" that reiterated that the trial court signed a termination order on March 15, 2021 and attached an order in conformity with appellant's representation. This court requested the trial court clerk to prepare a supplemental clerk's record containing a copy of the order and was informed by the trial court clerk that the trial court clerk did not possess such an order. This court subsequently communicated with appellant's counsel and the district attorney's office regarding the status of the order. On May 12, 2021, the district attorney's office informed this court that the delay may be caused by an error with the original order that requires correction. Considering this information, and in the absence of a supplemental clerk's record containing an order of termination, it is unclear whether the order provided by appellant's counsel is the purportedly errant order or whether it has ever been entered.

While this court has undertaken extensive efforts to obtain a supplemental clerk's record containing the judgment subject to appeal, it has been unable to do so. Accordingly, this court ORDERS appellant to cause a supplemental clerk's record to be filed **no later than May 28,**

**2021** containing the trial court's judgment. If a supplemental clerk's record is not filed by May 28, 2021, this appeal is subject to being dismissed.

Lori I. Valenzuela, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of May, 2021.

MICHAEL A. CRUZ, Clerk of Court