FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

August 9, 2021

No. 04-21-00311-CV

**IN THE INTEREST OF T.A.G., J.I.R.G., C.M.R.A., AND G.A. JR., MINOR CHILDREN**

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-01608
Honorable Charles E. Montemayor, Judge Presiding

## O R D E R

On July 27, 2021, appellant filed a notice of appeal stating her intent to appeal a final decree of termination signed on July 1, 2021. The clerk's record was filed on August 5, 2021. Although the clerk's record contains the judge's notes, the clerk's record does not contain an order terminating appellant's parental rights. *See In re L.H.*, No. 04-13-00174-CV, 2013 WL 3804585, at *1 (Tex. App.—San Antonio July 17, 2013, no pet.) (mem. op.) (noting judge's notes do not constitute a final order). As of the date of this order, the trial court clerk has not confirmed whether the trial court has signed a final order.

"[A]n appeal may be prosecuted only from a final judgment." *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Because the clerk's record does not show that a final order has been entered in the underlying case, we **ORDER** appellant to show cause in writing **by August 19, 2021** why this appeal should not be dismissed for lack of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* Tex. R. App. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of August, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court