

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00002-CV

**IN THE INTEREST OF A.H.L.**, N.J.L., and S.U., Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-PA-00021
Honorable Charles E. Montemayor, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: March 23, 2022

DISMISSED FOR LACK OF JURISDICTION

On December 30, 2021, appellant filed a notice of appeal stating her intent to appeal a final decree of termination signed on or about December 7, 2021. The clerk's record was filed on January 10, 2022, and a supplemental clerk's record was filed on March 3, 2022. Although the supplemental clerk's record contains the judge's notes, neither the clerk's record nor the supplemental clerk's record contains an order terminating appellant's parental rights. *See In re L.H.*, No. 04-13-00174-CV, 2013 WL 3804585, at *1 (Tex. App.—San Antonio July 17, 2013, no pet.) (mem. op.) (stating judge's notes do not constitute a final, appealable order). In response to this court's inquiry, the trial court clerk confirmed that its records do not include a signed a final order. "[A]n appeal may be prosecuted only from a final judgment." *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Because no final order of termination has been

entered in the underlying case, this court ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant filed a response agreeing that "because no final order has been entered in the underlying case, the Court presently lacks jurisdiction and the case should be dismissed for lack of jurisdiction." Having confirmed the record does not contain a final order of termination, we must dismiss this appeal.[1] Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

---

[1] This dismissal does not prevent appellant from later pursuing a timely appeal from a final judgment in this case.