

# Fourth Court of Appeals
## San Antonio, Texas

July 14, 2022

No. 04-22-00316-CV

Lucinda **RICHARDSON**,
Appellant

v.

**HANCE REALTY, LLC**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2021CV04081
Honorable David J. Rodriguez, Judge Presiding

# O R D E R

On May 24, 2022, appellant filed a notice of appeal stating her intent to appeal an "eviction case that occurred May 20, 2022." The clerk's record was filed on July 13, 2022. Although the clerk's record contains an order setting a hearing for May 20, 2022, it does not contain any written order signed on or after that date. The trial court clerk has informed this court that there is no final order on file in this case.

"[A]n appeal may be prosecuted only from a final judgment." *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). "An oral ruling, not reduced to writing and signed by the trial court, is not a final or otherwise appealable judgment or order." *In re M.R.G.*, No. 04-17-00623-CV, 2017 WL 4938422, at *1 (Tex. App.—San Antonio Nov. 1, 2017, no pet.) (mem. op.). Because no final order has been entered in the underlying case, we **ORDER** appellant to show cause in writing **by July 29, 2022** why this appeal should not be dismissed for lack of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All other deadlines in this matter are suspended until further order of the court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of July, 2022.



Michael A. Cruz,
Clerk of Court