

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00294-CV

_____

IN THE INTEREST OF D.J., S.H.-J., AND B.G., CHILDREN

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-719439-22

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

The mother of three children (Mother) and the father of two of those children (Father) appeal from an interlocutory order terminating their parent–child relationships with those children. Because a petition to terminate the parent–child relationships between Mother's third child, D.J., and that child's presumed father and an alleged father remains pending—and because no party has informed us that the termination order as to Mother and Father has been severed from the claims in that petition—we dismiss these appeals.

In June 2022, the Department of Family and Protective Services filed an original petition to terminate Mother's and Father's parent–child relationship with three children. At what was supposed to be the final trial,[1] Mother testified that although she was married to another man, Father was D.J.'s biological father. *See* Tex. Fam. Code Ann. § 160.204(a) (defining presumed father). Although the trial court issued a letter ruling in which it rendered judgment terminating Mother's parent–child relationship with all three children as well as Father's parent–child relationship with S.H.-G. and B.G., because Father had never admitted paternity of D.J., the trial court ordered that genetic testing be done. The Department then filed—in the same cause number—a petition seeking to terminate the parent–child relationship between D.J. and his presumed father.

---

[1]The trial court extended the dismissal date by written order. *See* Tex. Fam. Code Ann. § 263.401. The current dismissal date is December 29, 2023.

Subsequent genetic testing showed that Father could not be D.J.'s biological father. After the genetic testing was completed, the trial court signed an "Order of Termination" as to Mother and Father only. Although the order contains the language required to be included in a final judgment by Family Code Section 263.405(b), *see id.* § 263.405(b), and contains the notation, "[A]ll relief requested in this case and not expressly granted is denied," it does not mention the claims related to D.J.'s presumed father and also does not contain language indicating that it is a final judgment that disposes of all claims and parties.

After Mother's and Father's court-appointed attorneys filed notices of appeal for them, the Department filed an amended petition to terminate the parent–child relationship between D.J. and his presumed father; the petition named—and also sought termination as to—a different man who could be an alleged father. *See id.* § 101.0015 (defining alleged father). That petition remains pending in the trial court; therefore, there has been no judgment rendered that disposes of all claims and parties. No party has responded to this court's jurisdictional inquiry.

We have appellate jurisdiction of appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Texas Family Code Section 109.002 allows a party to appeal only a final conservatorship or termination order. Tex. Fam. Code Ann. § 109.002(a), (b). To be final and appealable, a judgment must dispose of all parties and all issues.

3

*Lehmann*, 39 S.W.3d at 195. Although a presumption arises that a judgment rendered after a conventional trial on the merits is final, that presumption can be rebutted by "a contrary showing in the record." *N.E. ISD v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966); *In re M.G.F.*, No. 04-15-00591-CV, 2016 WL 519650, at *2 (Tex. App.—San Antonio Feb. 10, 2016, no pet.) (mem. op.).

Despite the termination order's inclusion of the Section 263.405(b) language required to be contained in a final judgment, the entire record affirmatively shows that the allegations to terminate the parent–child relationship between D.J. and his presumed father—as well as between D.J. and an alleged father—remain pending; therefore, the termination order as to Mother and Father is neither final nor appealable. *See, e.g., In re L.T.*, No. 02-19-00161-CV, 2019 WL 3334618, at *1 (Tex. App.—Fort Worth July 25, 2019, no pet.) (per curiam) (mem. op.).

Accordingly, we dismiss these appeals for want of jurisdiction. *See id.*; *see also* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: September 21, 2023