**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00134-CV**
_____

**ALABASTER, INC. AND JOHN SHEFFIELD, Appellants**

**V.**

**BRENT W. COON AND BRENT W. COON, PC
D/B/A BRENT COON & ASSOCIATES, Appellees**

_____

**On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E199958**
_____

**MEMORANDUM OPINION**

On June 20, 2024, we abated this appeal and remanded the case to the trial court to give the trial court the opportunity to issue such further orders or judgments necessary to clarify its April 6, 2023 Order or to create a final, appealable order in this cause. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). The Court order further stated: "Unless a final, appealable order or judgment is included in a supplemental clerk's record and filed with the clerk of this court on or before

1

July 22, 2024, the appeal will be reinstated and dismissed for want of jurisdiction." To date, we have not received a supplemental clerk's record. No party requested additional time to obtain a final judgment or severance order.

The appeal is hereby reinstated. Generally, an appeal may be taken only from final judgments and interlocutory orders specifically made appealable by statute. *See id.* at 195. To be final, a judgment must dispose of all issues and parties in a case. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). As we explained in our Order of June 20, 2024, the trial court's Order of April 6, 2023, which granted Coon's motion to dismiss the plaintiffs' claims against the defendants, failed to dispose of the defendants' counterclaims for attorney's fees and sanctions. The appeal is dismissed for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a); 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on June 24, 2024
Opinion Delivered August 8, 2024

Before Golemon, C.J., Johnson and Chambers, JJ.