**Opinion issued July 24, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00159-CV

_____

**MONICA HANKINS, Appellant**

**V.**

**EMBRY CARTER D/B/A WC ROOFING, Appellees**

On Appeal from the 189th District Court
Harris County, Texas
Trial Court Case No. 2011-49521

## MEMORANDUM OPINION

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final, a judgment must dispose of all issues and parties in a case. *Aldridge*, 400 S.W.2d at

895. A judgment that does not dispose of all issues and parties may nonetheless be final and appealable if the judgment contains language clearly and unequivocally reflecting the trial court's intention to render a final judgment. *See Lehmann*, 39 S.W.3d at 206. If the judgment contains a statement such as "'This judgment finally disposes of all parties and all claims and is appealable', this would leave no doubt about the court's intention." *Id.*

Appellant, Monica Hankins, is attempting to appeal an amended judgment signed on January 30, 2024. This appeal arises from a lawsuit filed by Hankins against Arnold Brown d/b/a Brown Construction Company and Embry Carter d/b/a W C Roofing. On December 4, 2023, the trial court signed an order granting appellee Arnold Brown's motion for final judgment. This was not a final judgment as it failed to dispose of all parties, and it lacked any indicia of finality. On January 30, 2024, the trial court signed an amended judgment, which included the following finality language:

> This judgment finally deposes [sic] of all claims and all parties, and is not appealable.

> The Court ORDERD [sic] execution to issue for this judgment.

The "Amended Final Judgment" signed on January 30, 2024, which states that neither Hankins nor her counsel appeared for trial, was a default judgment on Brown's affirmative defense of offset. There was no trial on the merits on Hankins's claims.

2

The "Amended Final Judgment" does not dispose of all parties because it fails to rule on Hankins's affirmative claims. It also does not clearly and unequivocally express an intent to render a final judgment. *See id.* at 205–06. Although the language of an order may make it final, *see id.*, the language in the amended final judgment states both that it disposes of all parties and claims and that it is "not appealable." The Texas Supreme Court has held that when a purportedly final judgment states "not appealable," this "contradictory" language "cannot satisfy the 'unmistakable clarity' standard in *Lehmann*. More than that, however, it expressly communicates a lack of finality on which parties should be able to rely in light of the unique nature of default judgment . . . ." *See In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 924 (Tex. 2024).

On November 5, 2024, this Court granted Hankins's voluntary motion to dismiss her appeal against Arnold Brown. Unlike Arnold Brown, Embry Carter did not plead the affirmative defense of offset, and he was not awarded affirmative relief. In the brief filed in this Court, Hankins seeks only to have the "Amended Final Judgment" declared void as signed beyond the trial court's plenary power.

The "Amended Final Judgment" is not final under Texas Supreme Court precedent and, even if it were, there appears to be no remaining controversy between Hankins and Embry Carter. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018), as corrected on denial of reh'g (Dec. 21, 2018) (stating that case

becomes moot when there ceases to be justiciable controversy between parties or when parties cease to have legally cognizable interest in outcome).

On May 1, 2025, this Court informed Hankins of the jurisdictional defects and that this appeal was subject to dismissal for want of jurisdiction. TEX. R. APP. P. 42.3(a), (c). Hankins failed to timely respond.

## Conclusion

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

PER CURIAM

Panel consists of Justices Guerra, Gunn, and Dokupil.