**Opinion issued December 19, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00792-CV

———————————

## KAREN MCANDREWS AND JOHN LOWE, Appellants

## V.

## JODY CRYSTAL LOWE, Appellee

---

**On Appeal from the County Court at Law**
**Austin County, Texas**
**Trial Court Case No. 2014L-6013**

---

## MEMORANDUM OPINION

Appellants, Karen McAndrews and John Lowe, have filed a notice of appeal of an order denying a motion to recuse the trial court judge in a suit affecting the parent-child relationship. We dismiss the appeal for want of jurisdiction.

John Lowe moved for recusal of the Honorable Daniel W. Leedy, the presiding judge of the county court at law. Judge Leedy declined to recuse himself and referred the motion to the regional presiding judge, the Honorable Billy Ray Stubblefield, pursuant to Texas Rule of Civil Procedure 18a. Judge Stubblefield assigned the Honorable Terry Flenniken "to preside in the Motion to Recuse" Judge Leedy. John Lowe then moved for recusal of Judge Flenniken. On August 27, 2017, Judge Stubblefield signed an order denying the motion to recuse Judge Flenniken. And, on October 3, 2017, Judge Flenniken held a hearing on the motion to recuse Judge Leedy and signed an order denying the motion. Lowe and McAndrews then filed a notice of appeal of the "[d]enial of the [m]otion to recuse Judge Dan Leedy."

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). A judgment is final for purposes of appeal if the judgment disposes of all pending parties and claims before the trial court. *Aldridge*, 400 S.W.2d at 895. The clerk's record filed in this appeal does not show that the trial court has signed a final judgment that disposes of all parties and claims before the Court.

An appellate court also has jurisdiction to consider an appeal from an interlocutory order if a statute explicitly provides jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. §

2

51.014 (West Supp. 2017) (authorizing appeals from certain interlocutory orders). However, an order denying a motion to recuse is not an appealable interlocutory order. *See Rizk v. Gray*, No. 01-16-00374-CV, 2016 WL 7104020, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2016, no pet.) (mem. op.) (citations omitted). To the contrary, Texas Rule of Civil Procedure 18a(j)(1)(A) expressly provides that "[a]n order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." TEX. R. CIV. PROC. 18a(j)(1)(A); *see Rizk*, 2016 WL 7104020, at *1 (explaining interlocutory order denying motion to recuse "is appealable only on appeal of the final judgment").

The Clerk of this Court notified appellants that the appeal was subject to dismissal for want of jurisdiction unless they filed a written response showing how this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). Appellants have not responded to the notice.[1]

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss as moot all pending motions.

**PER CURIAM**

Panel consists of Justices Keyes, Brown, and Lloyd.

---

[1] Within the time to respond to this Court's notice, appellants filed a brief in this appeal. Their brief, however, does not demonstrate that this Court has jurisdiction over their appeal or address the jurisdictional question.