**Opinion issued June 7, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00818-CV

———————————

## OYEDEMI & ASSOCIATES, P.C., Appellant

## V.

## LEONARD BELL, JOSE ZUNIGA, JR., JUAN DIAZ, RONNIE WILLIAMS, JR. JOE SALAZAR, ANTOINETTE CORTEZ, AND CATHERINE GREY, Appellees

---

### On Appeal from the 268th District Court
### Fort Bend County, Texas
### Trial Court Case No. 15-DCV-227567

---

## MEMORANDUM OPINION

Appellant, Oyedemi & Assocites, P.C., attempts to appeal the trial court's October 13, 2017 interlocutory order denying appellant's motion to dismiss the underlying case. We dismiss the appeal for want of jurisdiction.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). A judgment is final for purposes of appeal if the judgment disposes of all pending parties and claims before the trial court. *Aldridge*, 400 S.W.2d at 895. The clerk's record filed in this appeal does not show, and appellant has not asserted, that the trial court has signed a final judgment that disposes of all parties and claims before the Court.

An appellate court also has jurisdiction to consider an appeal from an interlocutory order if a statute explicitly provides jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *see*, *e.g.*, TEX. R. CIV. PROC. § 51.014 (authorizing appeals from certain interlocutory orders). No statute authorizes an appeal of the interlocutory order denying appellant's motion to dismiss in this case.

On April 17, 2018, the Clerk of this Court notified appellant that its appeal was subject to dismissal for want of jurisdiction unless it filed a written response by April 27, 2018 demonstrating that this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of case after notice). Appellant failed to file a response to the notice.

Accordingly, because a final judgment has not issued in the underlying case and an interlocutory appeal of the order is not authorized, we dismiss the appeal for

want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Lloyd, and Caughey.