Opinion issued August 13, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00379-CV

_____

## MIRIAM BLANK, Appellant

## V.

## JACK NUSZEN, Appellee

---

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-51454**

---

## MEMORANDUM OPINION

Appellant, Miriam Blank, has filed a notice of appeal of the trial court's order denying her motion to vacate a "Default Order in Suit To Modify Parent-Child Relationship." We dismiss the appeal for want of jurisdiction.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). And an appellate court also has jurisdiction to consider an appeal from an interlocutory order if a statute explicitly provides jurisdiction. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). In this case, the trial court's order denying the motion to vacate is neither an appealable interlocutory order nor a final judgment. *See Lehmann*, 39 S.W.3d at 195 ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree."); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders).

Accordingly, the Clerk of this Court notified Blank that the appeal was subject to dismissal for want of jurisdiction unless she caused to be filed a supplemental clerk's record containing documents showing that the trial court had signed a final, or otherwise appealable, order or filed a written response showing how this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). Blank has not responded.

We dismiss the appeal for want of jurisdiction and dismiss as moot all pending motions.

## PER CURIAM

Panel consists of Justices Lloyd, Landau, and Countiss.