Opinion issued August 29, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00458-CV

_____

## MAURICE MITCHELL, Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-85575**

---

## MEMORANDUM OPINION

Appellant, Maurice Mitchell, has filed a notice of appeal of the trial court's "sua sponte dismissal of this cause" on either July 27, 2017, or August 29, 2018. We dismiss the appeal for want of jurisdiction.

In the trial court proceeding, appellant filed an original petition naming the Texas Department of Criminal Justice and several individuals as defendants. The record filed in this Court does not show that any defendant has been served with citation or has answered appellant's petition. *See generally* TEX. R. CIV. P. 99(a), 99(b). On June 29, 2017, the trial court issued a Notice of Intent to Dismiss – No Answer Filed, stating that the case was "eligible for dismissal because no answer had been filed" and notifying appellant what actions had to be taken by July 27, 2017, to avoid dismissal of the case. On August 2, 2018, the trial court issued a second Notice of Intent to Dismiss – No Answer Filed. This notice also stated that the case was "eligible for dismissal because no answer had been filed" and notified appellant what actions had to be taken by August 29, 2018, to avoid dismissal of the case. However, the record filed in this appeal does not include any trial court order dismissing the case for want of prosecution or any final judgment or order disposing of all parties and claims.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann*, 39 S.W.3d at 195. An appellate court also has jurisdiction to consider an appeal from an interlocutory order

if a statute explicitly provides jurisdiction. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders). Because the record does not include a final judgment or an appealable order, the Clerk of this Court notified appellant that the appeal was subject to dismissal for want of jurisdiction unless he caused to be filed a supplemental clerk's record that included a final judgment or an appealable order, or filed a written response showing how this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). Appellant has filed a response to the notice; however, he has not demonstrated that we have jurisdiction over the appeal.

We dismiss the appeal for want of jurisdiction and dismiss as moot all pending motions.

**PER CURIAM**

Panel consists of Justices Lloyd, Goodman, and Landau.